UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**XAVIER CORDELL CONWELL**                                                            **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:21-CV-P8-GNS**

**WARREN COUNTY JAIL**                                                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Xavier Cordell Conwell leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow Plaintiff the opportunity to amend the complaint.

**I.**

Plaintiff names as Defendant the Warren County Regional Jail, where he is currently incarcerated. His allegations, *in toto*, are as follows:

> I am at the Warren County Jail in Kentucky. I am on Medication I keep asking for my Med's but they keep giving (Me) the run around, I have had a lot things to happen to (Me) in my (life) and I need my (Meds) every day to make it. Right is Right and Wrong is Wrong and they have done (Me) Wrong [.] My rights were violated!!

As relief, Plaintiff seeks damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting an Eighth Amendment claim for deliberate indifference to a serious medical need.

### A. Municipal Claim

As indicated above, Plaintiff sues only the WCRJ. However, a jail is not an entity subject to suit under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000). In this situation, Warren County is the proper Defendant.

When a § 1983 claim is made against a municipality, such as Warren County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or

custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Warren County. As such, the Court will dismiss Plaintiff's claim against the WCRJ for failure to state a claim upon which relief may be granted.

**B. Amendment**

An Eight Amendment claim "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). With regard to medical care, the objective component "requires the existence of a sufficiently serious medical need" - that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895, 897 (6th Cir. 2004) (quotation marks, emphasis, and citation omitted).

The subjective component requires that the plaintiff show that the official acted with "a sufficiently culpable state of mind" - that is, one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which

4

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (quotation marks and citations omitted).

Plaintiff's allegations concerning the denial of medications are too vague and conclusory to state a claim under this standard. Plaintiff simply alleges that he is being denied medications that he needs. However, he does not describe what medications he needs, who has denied him these medications, or what injury this has caused him. Without these facts, the Court cannot determine whether Plaintiff has a sufficiently serious medical need or whether a WCRJ official has been deliberately indifferent to that need.

For these reasons, this action is subject to dismiss for failure to state a claim upon which relief may be granted. Prior to dismissing the action, however, the Court will allow Plaintiff the opportunity to amend his complaint to provide more information. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

**IV.**

**IT IS HEREBY ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which states what medications he has been denied, what condition(s) he needs the medications for, and names as Defendants any individuals who are allegedly responsible for the denial of these medications.** Plaintiff shall also complete summons forms for any newly named Defendants and sue them in their **individual capacities** if applicable.[1]

---

[1] Regarding the completion of summons forms, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff fail to file an amended complaint within the allotted amount of time, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption.  The Clerk of Court shall also send Plaintiff three blank summons forms with the instant case number.

Date: January 26, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Warren County Attorney
4416.011

---

the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.