UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

XAVIER CORDELL CONWELL                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 1:21-CV-P8-GNS

WARREN COUNTY JAIL                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Xavier Cordell Conwell leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint (DN 8) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow others to proceed.

**I.**

In the amended complaint, Plaintiff names as Defendants the Warren County Regional Jail (WCRJ), WCRJ Jailer Stephen Harmon, Southern Health Partners (SHP), and SHP Nurse Jana Marple. Plaintiff sues Defendants Harmon and Marple in both their official and individual capacities.

Plaintiff alleges that he tested positive for the coronavirus at WCRJ in December 2020. He states that prior to this positive test, he was housed in a small cell with inmates who had tested positive for the coronavirus, where it "was impossible for the Plaintiff to social distance." He further alleges that the "medical staff did not even check [on him]" and "sent Jail officers to tell him there was 'no treatment' for the coronavirus." He also states that "jail staff ignored Plaintiff's complaints for medical help would not even alert medical staff and when medical staff was alerted for inffected Plaintiff they ignored him." Plaintiff alleges that since he tested

positive for the coronavirus, he has suffered from "bad pains, heart problems, blood pressure problems, and a lot of other health problems . . . ."  Plaintiff concludes by stating that "Medical staff or Jail staff are not taking precautions or providing treatment for coronavirus.  Simply issuing masks is not treatment."

As relief, Plaintiff seeks damages and injunctive relief in the form of "adequate health care."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Individual-Capacity Claims

#### 1.  Defendant Jailer Harmon

Plaintiff does not make any specific allegations against Defendant Harmon in the amended complaint.  Thus, the Court assumes Plaintiff is suing him based on his role as the supervisor of the WCRJ.  However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees.  *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Thus, because Plaintiff does not allege that Defendant Harmon directly participated in the alleged conduct or that he authorized, approved, or knowingly acquiesced in it, Plaintiff's individual-capacity claim against Defendant Harmon will be dismissed for failure to state a claim upon which relief may be granted.

#### 2.  Defendant Nurse Marple

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff

must make sufficient allegations to give a defendant fair notice of the claim).  The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)).

Plaintiff only lists Defendant Marple as a Defendant in the caption and parties section of the amended complaint form.  He does not make any allegations against her in the "Statement of Claims" section of the amended complaint or state how she was directly involved in any of the alleged wrongdoing.  Plaintiff, therefore, fails to state a claim against Defendant Marple, and the individual-capacity claim against her will be dismissed for failure to state a claim upon which relief may be granted.

### B.  Remaining Claims

Defendant WCRJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000).  In this situation, Warren County is the proper Defendant.  *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503

(W.D. Ky. 1990).  The Court, therefore, will construe the claim against WCRJ as a claim brought against Warren County and direct the Clerk of Court to substitute Warren County for Defendant WCRJ.

The Court next turns to Plaintiff's official-capacity claims.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55).  Thus, Plaintiff's official-capacity claim against WCRJ Jailer Harmon is actually against Warren County, and his official-capacity claim against SHP Nurse Marple is actually against SHP.  For this reason, the official-capacity claims against Defendants Harmon and Marple will be dismissed as redundant to the claims against Warren County and SHP, respectively.  *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

Upon review of the amended complaint, <u>the Court will allow an Eighth Amendment claim for deliberate indifference to safety to proceed against Warren County and an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against SHP</u>.  In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against Defendant WCRJ and his official-capacity claim against Defendant Harmon are **DISMISSED** as redundant to Plaintiff's continuing claim against Warren County and that Plaintiff's official-capacity claim against Defendant Marple is **DISMISSED** as redundant to Plaintiff's continuing claim against SHP.

**IT IS FURTHER ORDERED** that the individual-capacity claims against Defendant Harmon and Marple are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to substitute Warren County for the Warren County Regional Jail on the docket sheet**.

**The Clerk of Court is further DIRECTED to terminate Defendants Harmon and Marple as parties to this action.**

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date:   March 4, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Warren County Attorney
4416.011